IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**PAUL MICHAEL HOOVER,**

        Petitioner,

v.                                     **Civil Action No. 5:21-cv-118**
                                      Judge Bailey

**F.J. BOWERS,**

        Respondent.

## MEMORANDUM OPINION AND ORDER

On July 19, 2021, the *pro se* petitioner, Paul Hoover, a federal inmate incarcerated at FCI Morgantown filed this habeas petition pursuant to 28 U.S.C. § 2241 together with the $5 filing fee. In support of his habeas petition, the petitioner raises one ground which the Court construes as an Eighth Amendment claim regarding deliberate indifference to issues related to symptoms which he maintains are consistent with Crohn's disease.

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

1

A section 2241 petition is used to attack the manner in which a sentence is executed. *See* 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson,* 408 F.3d 382, 286 (7th Cir. 2005). Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement." *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). On the other hand, a *Bivens* action is used to hold federal officers "individually liable for constitutional violations." *Starr v. Baca*, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a *Bivens* action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. *See Bivens*, 403 U.S. at 392-94. Furthermore, "[a]lthough 'more limited in some respects,' a *Bivens* action is a federal analog to an action against state or local officials under § 1983." Id. (quoting *Hartman v. Moore*, 547 U.S. 25, 254 n.2 (2006)). *See Preiser*, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, the petitioner complains about his medical care and requests that this Court order FCI Morgantown to send him for testing and evaluation to address his medical condition. The petitioner's Eighth Amendment claims are not an attack on, nor are they related in any way to, the execution of his sentence. The petition does not contest the fact or duration of his confinement, and success on the merits would not result in immediate or speedier release from his actual confinement with the BOP.

2

Thus, the petitioner's Eighth Amendment claims should have been raised pursuant to a civil rights complaint. *Preiser* at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also *Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983).

In consideration of the foregoing, the petition is **DENIED and DISMISSED WITHOUT PREJUDICE** and retired from the active docket of the Court. Said dismissal does not bar the petitioner from filing a civil rights action pursuant to *Bivens.*

The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order, **together with a Bivens packet** to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 20, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

3